(89 App. Div. 289.)

### LILLIS v. MERTZ et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1903.)

1. SALES — CONTRACT — CONDITIONAL SALES — WRITTEN CONTRACT — PAROL EVIDENCE.

In reply to a request by defendants for quotation on brick "F. O. B. cars W.," plaintiff replied that the brickworks at W. were shut down, but gave a quotation of other brick "F. O. B. cars," to which defendants replied, "We take it you mean F. O. B. cars W., if this is so we will require 125,000." This letter remained unanswered, and, on defendants subsequently asking for a carload, plaintiff replied that they could expect prompt delivery. *Held*, that the writings constituted a complete contract, and plaintiff could not show that his foreman at W. modified the contract so far as it related to the payment of freight.

Appeal from Trial Term, Suffolk County.

Action by Patrick Lillis against George E. Mertz and others. From a judgment in favor of plaintiff, and from an order denying a new trial, defendants appeal. Reversed.

Argued before GOODRICH, P. J., and JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

De Witt H. Lyon, for appellants.
Thomas J. Ritch, Jr., for respondent.

WOODWARD, J. The plaintiff brought this action to recover the balance alleged to be due upon a contract for furnishing brick to the defendants; the controversy arising over the freight, it being conceded that the defendants have paid the agreed price for the brick. On the 27th of July, 1901, the defendants wrote the plaintiff as follows:

"Please give us quotation on your best hard burnt common brick F. O. B. cars Wardenclyffe, L. I., say about 175,000 to 200,000."

In reply to this letter, the plaintiff, on the 5th of August, writing from Port Jefferson, says:

"The brick works at Wardenclyffe is shut down for some time nothing doing whatever. Will furnish you good hard merchantable Long Island brick at $6.15 per M. F. O. B. cars, three days option."

On the 6th of August the defendants wrote to the plaintiff, saying, among other things:

"Your letter of August 5th received naming price of $6.15 per M. for the brick F. O. B. cars, we take it you mean F. O. B. cars Wardenclyffe, if this is so we will require 125,000 at present."

The plaintiff offered these letters in evidence in support of his contract, and then offered, and was permitted to put in, evidence, over the objection and exception of the defendants, to show that this contract, in so far as it related to the payment of freight, was modified by the defendants' foreman, who had charge of the work at Wardenclyffe. It can hardly be doubted that this was error. The contract between the parties was expressed in writing, and, aside from the fact that the evidence does not support agency on the part of the defendants' foreman, the plaintiff could not show a different contract between the parties than that which he had proved by the writings offered in evidence. The defendants on the 6th of August wrote, stating their understanding of the offer. This letter was not answered. On the 10th of August the defendants wrote, asking for a shipment of one car load of brick as a sample car; and on the 13th of August, without making any suggestion that the plaintiff had any different understanding of the contract than that suggested in the defendants' letter of August 6th, the plaintiff wrote the defendants as follows:

"Your favor just at hand. I expect car load of brick at Wardencliffe station this p. m. Surely to-morrow eve. You may expect prompt delivery all along until the final end."

It seems to us entirely clear that the correspondence sets forth a complete contract between the parties, and that it could not be varied or controlled by any alleged arrangement made between the plaintiff and the defendants' foreman, who testifies that he was not authorized to act as the agent of the defendants.

The judgment should be reversed, with costs.

HIRSCHBERG, J. I concur. I think there is an additional ground for reversal of the judgment and order. In view of the conflict in the evidence as to the scope and extent of the defendants' foreman, I think it was error to charge the jury, as matter of law, that he was their agent, with power to make or vary contracts.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.